McIlvaine, J.
I regret', that upon a question of so much importance, a difference of opinion should exist among the members of the court; but beiug unable to agree with the majority, I deem it a duty to state very briefly the grounds of my dissent.
*684 , Admitting that section 3, article 13, of tlie constitution does not execute itself, it is nevertheless true that the statutes passed in pursuance thereof, and involved in the eases before us, do not pretend to vary the minimum liability of stockholders as fixed by the section of the constitution above named, and which reads as follows : “ Dues from corporations shall be secured by such individual liability of the stockholders and other means, as may be provided in law; but in all cases, each stockholder shall be liable, over and above the stock by him or her owned, and any amount unpaid thereon, to a further sum at least equal in amount to such stock.” (
A majority of the court hold that the individual liability of the stockholder, provided for in the last clause quoted, attaches in favor of the creditor and against stockholders owning stock at the time credit is given. If this be so, the judgment in the case is clearly right; for I admit, that a stockholder, upon ■whom the constitution fixes the liability, cannot, by a transfer of his stock, discharge his liability to a creditor in whose favor it attached, although, as between successive owners of the same stock, the primary liability, by virtue of an implied contract obligation, may rest upon the owner who may be such at tliq winding up of the corporation. But, on the other hand, if the liability firci attaches to the stockholders, .who may be such at the time suit is brought to enforce it, I apprehend that no one will contend that prior owners of die stock, can, under such circumstances, where good faith has been observed, be held liable to creditors.
I also admit, that the security for dues from corporations thus provided, was intended to induce and does induce credit to be given to them; aud that in giving credit, an accurate knowledge of the solvency of the security offered is an important element. But, after all this is admitted, the question, whether knowledge of the solvency of the stockholders at the time credit is given to a corporation can be regarded as an element inducing the credit, depends entirely upon the solution of ithe main question: Does the constitution (or the statute), fix the liability in question upon such stockholders 1
*685 ■ In determining this main question, it must be assumed that the framers of the constitution had in mind the transferable nature of corporate stock, and every thing that is implied or understood therefrom; and it-must also be assumed, that persons giving credit to corporations u¡3on the faith of the individual liability of stockholders as provided by the constitution, must have in mind the same facts; so that the argument that a knowledge of the solvency of stockholders, at the time credit is given, induces such credit, although persuasive, is not conclusive as to the true interpretation of this clause of the constitution. Indeed, the persuasive power of the argument is almost, if not altogether, lost, when we admit the observance of good faith toward the creditor of the corporation in the making of transfers of stock. If such faith is kept, and it must be, I see no reason for apprehending that stockholders at the winding up of corporations will not be as responsible for such individual liability as the stockholders who were such at the time credit was given, whether the period between the dates be short or long. Between the date of contracting the debt and the enforcing of the individual liability, many years may intervene, and many successions in the ownership of stocks; yet, it seems to me, that no reason exists for believing, that, as a general rule, the stockholders at the latter date will be less able to respond, than those of the date of contracting the debt. .
In determining the true meaning of this provision in the constitution, it must be observed, that each stockholder, who is made liable at all, is made liable, over and above the stock by him or her owned, and any amount unpaid thereon, to a further sum at least equal in amount to such stock. The language is,“but, in all cases, each stockholder shall be liable,” &c. There is no doubt about the meaning of these words. The meaning is, that whenever this liability attaches in favor of a creditor and against a stockholder, such stockholder is bound to the last farthing of the liability fixed, before such creditor shall lose a farthing of his claim.. A less liability on the part of the stockholder will not give such creditor .the security intended. By the decision of the court, as I under *686 stand it, the effect given to this provision is the same as if it read, “ but, in all cases, the successive owners -of each share of stock, in the aggregate, shall be liable,” &e. So that, if the owner at the winding up discharges the liability named, all previous owners of the same stock are exonerated, although creditors, who gave credit while they were owners of the stock, receive payment of their claims only in part. While I admit that the amount of security raised for the creditors in the aggregate by the payment by all the stockholders at the time of winding up, of the full amount of the individual liability fixed by the constitution, is all that was intended to be secured, it does not make “ each stockholder ” upon whom the liability attached, according to the decision, liable for the amount named in the provision. The effect of the decision is to attach the liability to the'stock and not to the stockholder.
There is no disagreement between the members of the court, in this: that the aggregate security for the duos of a corporation thus provided, is the aggregate stock of the corporation and all amounts unpaid thereon, together with a further sum equal to the total amount of the stock,- and no more; nor is there any disagreement between us as to the rule that the security thus provided, when realized, must be distributed jpro rata among all the creditors of the corporation, without regard to the time when credit was given, and -without respect to the persons who owned stock when the debt was contracted. The correctness of these views being conceded, it appears to me, beyond doubt, that the terms of the provision, 4‘ in all cases, each stockholder shall be liable, over and above the stock by him or her owned and any amount unpaid thereon, to a further sum at least equal in amount to such stock,” point directly and plainly to stockholders who may be such at the time the liability may be enforced, and that each stockholder who is liable at all, is liable unconditionally for the full amount named.
It has heretofore been decided by this court, upon unquestioned reasoning, that the individual liability of stockholders, under our constitution, is not a primary resource or *687 fund for the payment of the debts of a corporation; that is to say, it cannot be resorted to by a creditor in the first instance and for his own benefit.' That it is a security for the exclusive benefit of creditors, over which the corporation has no control. That it can be resorted to by creditors only in case of the insolvency of the corporation, as where payment cannot be enforced by ordinary process. And that no creditor can acquire any priority over such fund, or institute a suit for the enforcement of such liability in his own behalf. 17 Ohio St. 87,113.
In addition to the points thus decided, it can safely be asserted that this liability can be enforced but once. I am not now discussing the power of the legislature over this subject, but simply affirming that the liability fixed by the constitution can be enforced only once. And this being so, it seems to me that after its enforcement the corporation can no longer have a rightful existence, for the reason that it is essential to the rightful existence of a corporation that the individual liability of the stockholders shall inure as a security for all debts contracted; hence, when such security is exhausted, the rightful existence of the corpoi’ation must cease.
Now, in view of these principles, the time meaning of the constitution is manifest. “ Each stockholder shall be liable.” When liable ? The answer is patent, — at the winding up of the corpoi’ation. Liable for what ? The dues of the corporation. To what extent? “In a sum at least-equal to the amount of the stock by him or her owned.” By whom owned ? By the stockholder so made liable. Owned by him or her when ? At the time the liability is sought to be enforeed. But this sum is not the only liability of “ each stockholder.” The stock by him or her owned is also made liable. Not the stock which he or she may have transferred, but the stock which he or she may then own. And further, for any amount unpaid on such stock. It matters not who may have subsci’ibed the stock, or who may have owned it at the time the debt was contracted, or whether calls had been made or not; it is enough that the stockholder is the owner at the time the liability is enforced. Such owner *688 ship at that time makes him liable to creditors for any amount unpaid thereon. ■ . '
Not only is the plain, and obvious meaning of the words of the constitution against the construction of the majority of the court, but, I think, every consideration of trade and public policy. The sale and transfer of' corporate stocks are impeded. Responsibility for unfaithfulness in the future management of corporations remains with the vendor after his ownership, interest and power of control are transferred. The principle of repose after unreasonable delay in the enforcement of claims, is also disregarded. The statute of limitations can afford no relief to such a surety. The creditor and the corporation may continue the liability for indefinite periods. Even the ordinary privilege of a surety to compel his principal to pay the assumed debt after maturity cannot be asserted by a person liable under this provision of the constitution.
The construction which I have adopted I believe is not only consistent with the terms of the constitution, and the intention of the framers, but is the only one which can work out com- • píete justice between all parties. As between successive owners of stock, its justice is plain. The value of stocks depends in a large measure upon, the relations between the assets and liabilities of the corporation.: The assets are at all times held in trust for creditors and stockholders, and the management of ■ the trust devolves upon-the stockholders and officers for the tóme being. ■ • The vendee of stock, therefore, impliedly engages with his vendor that the assets shall be faithfully applied. And having purchased 'at a price determined by the excess of assets over liabilities, as between vendor and vendee, the lattei’, alone, should be burdened with the payment of debts. *
And it does no violence .to the faith in the securities upon which credit is given to the corporation. The transferable nature of corporate stock is universally understood. A creditor has no right to expect that the stock, will not be sold and bought. All that he has a right to expect is that the stock will not be fraudulently transferred, with a view to diminish liis security in. the individual liability of stockholders. And while he is entitled to the increased security which may be afforded *689 by the succession of solvent to insolvent stockholders, be should submit to the diminished security of insolvent successors, where no bad faith has been practiced.